```
              IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

| | | |
|---|---|---|
| CHRISTOPHER MACKEY, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:06-CV-764-A |
| | § | |
| TRAVIS DALE HAMM, ET AL., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION
### and
### ORDER

Pending before the court is the motion to dismiss of defendant City of Springtown ("City"). City seeks dismissal of all claims asserted against it by plaintiffs, Christopher Mackey ("Christopher"), Jacqueline Mackey, and Gregory Mackey. Having reviewed the motion and plaintiffs' response, the court concludes that the motion should be granted in part, as stated below, and that the undismissed claims should be remanded to state court.

### I.

### Background

Plaintiffs filed their original petition in the above-captioned action in state court on September 13, 2006. Defendants are City, Bryant Family Limited Partners ("Bryant"), Ben Meason d/b/a Chicken Express Springtown ("Chicken Express"), and Travis Dale Hamm ("Hamm"). The petition alleges that City and the other defendants were responsible for injuries sustained by Christopher on September 4, 2005. On that date, according to plaintiffs, a group of students from two different high schools were gathered in a parking lot owned by defendant Bryant and

located in front of the restaurant owned by defendant Chicken Express.  A fight broke out after "words were exchanged between the two groups and a wild swing from [d]efendant Hamm hit . . . Christopher when he wasn't looking, breaking his jaw in three (3) places."  Pls.' Orig. Pet. at second page.  Plaintiffs allege that the "[g]athering of students and other young people has been encouraged by the Springtown Police Department for some time despite objections from citizens."  Id. at second and third pages.  Plaintiffs allege that, therefore, City is partly at fault for Christopher's injuries.

State law negligence claims are asserted by plaintiffs against all defendants.  In addition, plaintiffs allege that Christopher's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated by City's conduct.

On October 10, 2006, City was served with process in the action and subsequently filed its notice of removal in this court.[1]  Subject-matter jurisdiction is asserted on the basis of 28 U.S.C. §§ 1331 and 1343.  The federal question on which the removal was based is the claim by plaintiffs against City that

---

[1] Defendants Travis Dale Hamm, Ben Meason d/b/a Chicken Express Springtown, and Bryant Family Limited Partners have not consented to City's notice of removal and it is unknown to the court when or if those defendants have been served with process in the instant action.  If any of them were served before City removed the case and did not consent to the removal, there is a procedural defect.  See Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir. 1992) (stating that if one of the served defendants in an action refuses to consent, the removal is procedurally defective and the case should be remanded upon timely challenge by the plaintiff).  Here, because plaintiffs have not complained of this possible procedural defect and the existence of such a defect does not affect this court's jurisdiction over the matter, the court has no duty to remand the action because of the defect, and will proceed in reviewing the merits of City's motion to dismiss.  See In re Allstate Ins. Co., 8 F.3d 219, 223 (5th Cir. 1993).

Christopher's constitutional rights were violated.  Supplemental jurisdiction over the state law claims exists under 28 U.S.C. § 1367(a).  On November 6, 2006, City filed a motion to dismiss the action for failure to state a claim, and plaintiffs timely filed a response.

## II.
### Standard for Review

The standards for deciding a motion to dismiss for failure to state a claim are well settled.  The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The court construes the allegations of the complaint favorably to the pleader. Scheuer, 416 U.S. at 236.  However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).

## III.
### Analysis

Plaintiffs' petition claims that City's conduct was both negligent and in violation of Christopher's due process rights under the United States Constitution.  The court deems the latter claim to be brought pursuant to 28 U.S.C. § 1983.  Generally, to

3

bring a cause of action under § 1983, "a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994)(citing West v. Atkins, 487 U.S. 42, 48)).  There are two possible theories of recovery under which City's conduct could result in a violation of § 1983.  First, City may be liable if its conduct constituted a "state-created danger" as defined in Pitrowski v. City of Houston, 51 F.3d 512 (5th Cir. 1995), that deprived Christopher of his constitutional rights.  Second, if City had an official policy or custom that was a cause in fact of constitutional injury to Christopher, then it may be liable for such injury.

"'When state actors knowingly place a person in danger, the due process clause of the constitution has been held to render them accountable for the foreseeable injuries that result from their conduct . . . .'" Pitrowski, 51 F.3d at 515 (quoting Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994)).  A "state-created danger" may impose liability under § 1983 on a state actor when a plaintiff can show that the state actor: (1) increased the danger to the plaintiff, and (2) acted with deliberate indifference.  Id. at 515-16.

Here, plaintiffs allege that City is liable under § 1983 because its police officers failed to adequately protect Christopher in violation of his due process rights under the United States Constitution.  Under a general § 1983 analysis,

4

plaintiffs fail to state a claim because even if the police were at fault, the fault at most would have caused an unintended injury to Christopher by a third party and does not implicate the due process clauses of the Constitution.  See Davidson v. Cannon, 474 U.S. 344, 347 (1986).  Further, under Pitrowski, plaintiffs have failed to show that the police officers' conduct constituted a "state-created danger" sufficient to impose liability on the officers or City.  See 51 F.3d 515-16.  Plaintiffs argue that City's police officers let a group of high school students gather in a parking lot and that such a situation was dangerous for those present.  Even assuming police officers knew of previous incidences of violence occurring in the parking lot, the fact that the officers did not disturb the group of students until the fight broke out does not show that their conduct increased the danger to Christopher, nor that they acted with deliberate indifference.  Thus, plaintiffs claim must also fail under the "state-created danger" theory.

   Moreover, to hold a local governmental unit or municipality responsible for the misconduct of one if its employees under § 1983, a plaintiff must initially allege that an official policy or custom "was a cause in fact of the deprivation of rights inflicted."  Leffall, 28 F.3d at 525.  Plaintiffs allege that it was the police officers' policy or custom to allow young people to gather in the parking lot where Christopher's injuries occurred, and thus City should be liable for such injuries under § 1983.  Plaintiffs argument is misplaced.  Whether or not there was a "policy or custom" in place that allowed young people to

5

gather in the parking lot, such a policy was not the cause in fact of a deprivation of a constitutional right.  Regardless of whether plaintiffs could prove that the policy was the cause in fact of Christopher's injuries, no deprivation of his constitutional rights occurred.  According to plaintiffs, Christopher was injured when he was hit by another high school student.  Such an injury does not implicate any of Christopher's rights under the United States Constitution.  See Davidson, 474 U.S. at 347.  Thus, plaintiffs fail to state a claim under this § 1983 theory of recovery.

Because plaintiffs have failed to state a meritorious § 1983 claim against City, the court concludes that City's motion to dismiss should be granted as to that claim.  Furthermore, because plaintiffs' state law claims against City and their claims against defendants Hamm, Chicken Express, and Bryant do not independently confer subject matter jurisdiction on this court, but rather implicate traditional state tort law, the court concludes that all state law claims should be remanded to the court from which they were removed.[2]

Therefore,

The court ORDERS that all claims asserted by plaintiffs against City in the above-captioned action based on alleged deprivation of Christopher's due process rights under the United States Constitution be, and are hereby, dismissed.

---

[2] The court is authorized by 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction once the court has dismissed all claims over which it has original jurisdiction.

The court further ORDERS that all claims asserted by plaintiffs against City under state law and all claims asserted by plaintiffs against Bryant, Chicken Express, and Hamm be, and are hereby, remanded to the state court from which they were removed.

SIGNED December 6, 2006.

      /s/ John McBryde
JOHN McBRYDE
United States District Judge